Opinion by KEEFE, J. It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269. In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese. The protests were sustained to this extent.

**No. 51229.**—Protests 50748–K, etc., of G. Cuccia & Sons, Inc., et al. (New York).

Opinion by KEEFE, J. It was stipulated that certain items of the merchandise consist of cheese similar in material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269. In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese. The protests were sustained to this extent.

**No. 51230.**—Protests 38118–K, etc., of Andrew Makris & Bros. et al. (New York).

Opinion by KEEFE, J. It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706) and Abstract 42146. In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese. The protests were sustained to this extent.

**No. 51231.**—Protests 92977–K, etc., of Eugenio Lang, Inc., et al. (New York).

Opinion by KEEFE, J. It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706) and Abstract 42146. In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese. The protests were sustained to this extent.

**No. 51232.**—Protests 86836–K, etc., of Tupman Thurlow Co., Inc., et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and following the decisions cited the following allowances were made to compensate for the weight of the inedible substance on the outside of the cheese: (1) 2½ percent for the cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269; and (2) 1 percent for the cheese similar to the Reggiano cheese the subject of *Scaramelli* v. *United States, supra.* The protests were sustained to this extent.